UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS BRIDGES, | ) | Case No.: 1:11 CV 2192 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MAGGIE BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On October 14, 2011, Petitioner Curtis Bridges ("Bridges") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his sentence. Bridges was convicted of trafficking in cocaine in an amount exceeding 1,000 grams with a major drug offender specification. Bridges raised three grounds for relief in his Petition:

> Ground One: Fifth and Fourteenth Amendment.  Supporting Facts: Petitioner's sentence was void. However, when petitioner was resentenced by a different judge on a major drug offender specification as [sic] sentence was increased.
> Ground Two: Fifth Amendment.  Supporting Facts: Petitioner was unconstitutionally sentence[d] to multiple punishments where he was multiply sentenced for possession of drugs and also a major drug offender involving the same drugs or controlled substances.
> Ground Three: Fourteenth Amendment.  Supporting Facts: Petitioner was denied due process of law when the court imposed additional forfeiture of items which differed from its oral pronouncement of sentence.

(*Id.* (some formatting omitted).)  This case was referred to Magistrate Judge Greg White for preparation of a Report and Recommendation.

The Magistrate Judge issued his Report and Recommendation on August 2, 2012, recommending that final judgment be entered in favor of the Respondent and that Bridge's Petition be denied. (ECF No. 7.) Regarding Ground One, the Magistrate Judge held that Bridges's constitutional rights were not violated when he was re-sentenced to a longer term for his MDO specification and that consequently the sentence was neither contrary to nor an unreasonable application of clearly established federal law. The Magistrate Judge found that Bridges (1) failed to show that the longer term was the result of the re-sentencing judges's vindictiveness; (2) made meritless arguments that the Constitution bars imposing a more severe sentence at resentencing; and (3) made irrelevant arguments based on inapposite case law. As for Ground Two, the Magistrate Judge held (1) that the court had to defer to the Ohio Court of Appeals's determination that Bridge's sentence did not violate the Double Jeopardy Clause because the Ohio legislature intended cumulative sentences for major drug offender convictions; and (2) that *State v. Foster*, 845 N.E.2d 470 (2006), which severed unconstitutional portions of the sentencing statutes, had no impact on Bridges's sentence. The Magistrate Judge determined that Ground Three was procedurally defaulted because the Ohio Court of Appeals had held that Bridges had violated Rule 9 of the Ohio Rules of Appellate Procedure; the  Magistrate Judge also found that Bridges had voluntarily agreed to the contested forfeiture, rendering harmless his claimed constitutional errors.

Bridges filed Objections to the Report and Recommendation on September 14, 2012. (ECF No. 9.) Bridges's Objections are not well-taken. Bridges offers a number of alleged procedural deficiencies as evidence that the resentencing court behaved vindictively. These Objections reiterate the arguments contained in Bridges's prior briefing before the Magistrate Judge (ECF No. 13), and gain no more persuasive force from a second reading. Bridges simply provides no evidence that

could support a finding of vindictiveness on the part of the re-sentencing court. Bridges also continues to argue that *State v. Foster* should void the sentence, but fails to address the fact that – as the Magistrate Judge noted – the case left intact the statutory sections dealing with major drug offender specifications. And although Bridges alleges that a procedural default based on Ohio Appellate Rule 9 would be "unfair and improper," he fails to offer evidence that would support the necessary finding of "cause" and "prejudice." *See*, *e.g.*, *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006).

The court finds that, after *de novo* review of the Report and Recommendation, Bridges's Objections, and all other relevant materials in the record, the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.

Consequently, Bridges's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 30, 2012